# Exhibit C



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 2 1 2004

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| SABRE INC., ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-612-Y |
| | § | (ECF) |
| NORTHWEST AIRLINES, INC. | § | |
| | § | |
| AND | § | |
| | § | |
| NORTHWEST AIRLINES, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-907-Y |
| | § | |
| SABRE TRAVEL INTERNATIONAL | § | |

<u>ORDER OF CONSOLIDATION</u>

On December 14, 2004, cause no. 4:04-CV-907-Y was transferred
to this Court from the United States District Court for the
District of Minnesota. After reviewing the pleadings, the Court
concludes that cause no. 4:04-CV-907-Y involves common questions of
law and fact as cause no. 4:04-CV-612-Y. Consequently, they should
be consolidated. *See* FED. R. CIV. P. 42(a). The first-filed case
in this Court, No. 4:04-CV-612-Y, will be the lead case.

Therefore, it is ORDERED that the above-referenced cases are
hereby CONSOLIDATED. The parties in case number 4:04-CV-907-Y are
responsible for reviewing the docket sheet in 4:04-CV-612-Y to
ensure that they are aware of and comply with all previous orders
entered by the Court.

It is further ORDERED that all future filings in these cases
contain the case number "<u>4:04-CV-612-Y</u>"[1] and the legend
"<u>Consolidated w/ 4:04-CV-907-Y</u>."

[1] The style must also contained the (ECF) notation under
the case number.

It is further ORDERED that, as a result of this consolidation, case number 4:04-CV-907-Y is hereby ADMINISTRATIVELY CLOSED.  The clerk of the Court shall note this closing on the Court's docket.

SIGNED December __21__, 2004.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/knv

2

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SABRE INC. and SABRE TRAVEL INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| NORTHWEST AIRLINES, INC. | ) ) ) |
| Defendant. | ) ) |

## AFFIDAVIT OF STEPHEN M. DIFFLEY

I, Stephen M. Diffley, being first duly sworn on oath, declare:

1.     I am the Group Vice President (Supplier Services) for Cendant Travel Distribution Services Group, Inc., ("TDS") since January, 2005. Prior to January, 2005, I held several managerial and officer positions within the Global Distribution System ("GDS") company owned by TDS known as Galileo. My primary responsibilities relate to the management of the commercial relationship between Galileo and the airline industry. I have personal knowledge of the facts set forth below and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Galileo is one of the four major GDS entities in the travel industry, the others being Sabre, Worldspan, and Amadeus. Travel agents contract with Galileo to access schedule and fare information, book reservations, and issue tickets for approximately 470 airlines, as well as a number of hotel, car rental, cruise and tour providers. Airlines and other travel service providers, including Northwest contract with Galileo to display and sell their travel-related products and services through the Galileo GDS. Substantially all of Galileo's revenue is derived from booking fees paid by airlines. In 2004, approximately 44,000 subscribing travel agents made 256 million bookings through Galileo.

3.      I have reviewed the subpoena served on Galileo International, Inc. by Northwest

Airlines, Inc.  The subpoena seeks documents that Galileo considers to be proprietary and

confidential, including contracts between Galileo and its customer airlines and subscribing travel

agents worldwide, any variations in these agreements negotiated with individual airlines and

travel agencies, the structure of Galileo's booking fees, pricing strategies or practices, costs

incurred in providing GDS services, incentives or productivity bonuses to travel agencies, and

Galileo's analysis of competitive conditions in the marketplace.  Galileo does not permit this

type of information to be disseminated outside the company as a matter of uniform corporate

policy.  Information about Galileo's pricing, contractual agreements, business strategies, and

costs/profits is closely guarded among the Galileo employees who are authorized to have access

to such information.  All such employees are required to execute confidentiality agreements

prohibiting the use or dissemination of such sensitive proprietary information outside the

company.

4.      By keeping its proprietary commercial information confidential, Galileo ensures

that no customer or competitor will have the unfair advantage of knowing Galileo's margins and

pricing strategies.  Galileo's commercial information is of such a confidential nature that

revealing this information would cause Galileo to lose its competitive edge in the GDS

marketplace and would also cause Galileo to lose its profitability.  Maintaining the

confidentiality of this information from customers such as Northwest and competing GDS

entities such as Sabre is especially important to Galileo's business, particularly in view of

Sabre's leading position in the GDS business.

5.      Disclosure of Galileo's pricing and business strategies would not only severely

compromise Galileo's future ability to compete in the industry, it would cause Galileo to violate

non-disclosure agreements with its airline customers and subscribing travel agents.  A non-

disclosure clause is placed in each contract, whether with a customer airline or subscribing travel agent, stating that each party to the contract will keep its terms confidential. Galileo's business relationships with its customer airlines would be strained if Galileo turned over these agreements or other documents discussing those airlines' methods and costs of selling and distributing tickets, as called for by the subpoena.

6.     Identifying the individuals within Galileo's global operations who are likely to have documents responsive to the Northwest subpoena would be a daunting challenge. Because of the broad range of the document requests, dozens if not hundreds of employees around the world potentially would have responsive documents. A search would have to be made of these employees' active and archived files, as well as their work computers and laptops. Dozens of Galileo employees will be diverted from their duties to participate in the search for responsive documents, and dozens more will be disrupted by having their files and computers searched. Additionally, Galileo IT personnel would have to identify backup tapes and other electronic storage media that potentially contains responsive material, and spend countless hours reviewing such electronic media for relevant files.

FURTHER AFFIANT SAYETH NAUGHT.

Stephen M. Dilley

SUBSCRIBED and SWORN to before me
this 2nd day of September 2005.

Notary Public

CHI99 4507150-1.069834.0012

OFFICIAL SEAL
KAREN BOOS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 05-08-07

- 3 -

# Exhibit E

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

David F. Wentzel
Attorney at Law
dwentzel@mwe.com
312.984.7789

March 30, 2005

VIA FACSIMILE AND MAIL

Daniel L. Low
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue N.W., Ste. 800
Washington D.C. 20015

Re:    *Amended Objections to February 23, 2005 Document Subpoena in Sabre, Inc. et al. v.*
       *Northwest Airlines, Inc., Case No. 4:04-CV-612-Y (N.D. Tex.)*

Dear Daniel:

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Galileo International, Inc. ("Galileo") hereby
serves its amended objections to the February 23, 2005 document subpoena issued by counsel for
defendant Northwest Airlines, Inc. ("Northwest").

A.    **General Objections**

Galileo incorporates by reference each and every general objection set forth below into
each and every specific response. From time to time a specific response may repeat a general
objection for emphasis or some other reason. The failure to include any general objection in any
specific response shall not be interpreted as a waiver of any general objection to that response.

1.     Galileo objects to this subpoena to the extent the subpoena is inconsistent with the
provisions set forth in Rule 45 of the Federal Rules of Civil Procedure.

2.     Galileo objects to this subpoena as attempting to impose undue burden and
expense, thus violating the duty set forth in Rule 45(c)(1).

3.     Galileo objects to this subpoena as seeking the production of documents within an
unreasonably short amount of time.

4.     Galileo objects to this subpoena to the extent that it purports, through definitions
or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible
discovery under the Federal Rules of Civil Procedure.

5.     Galileo objects to this subpoena to the extent that it seeks documents protected by
the attorney-client privilege, work product doctrine, or any other applicable law, privilege,
protection or doctrine.

Daniel L. Low
March 30, 2005
Page 2

6.    Galileo objects to this subpoena to the extent that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Galileo objects to this subpoena to the extent that it seeks documents already in the possession of Northwest or in the public domain, which are, thus, as readily available to Northwest as they are to Galileo.

8.    Galileo objects to this subpoena on the grounds that it is overly broad and unduly burdensome, in particular to the extent that it would require Galileo to produce documents related to, but not limited to, its negotiations, correspondence, agreements with hundreds of airlines.

9.    Galileo objects to this subpoena to the extent that it seeks information or documents that Galileo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

10.    Galileo objects to this subpoena to the extent that it seeks information or documents that are confidential and proprietary to Galileo.

11.    Galileo objects to this subpoena to the extent that it seeks the production of documents which would reveal trade secrets and other confidential research, development, or commercial information the disclosure of which would severely compromise Galileo. Production of such information to Sabre, a competitor, or Northwest, a customer, would cause irreparable harm to Galileo.

12.    Galileo objects to this subpoena to the extent it seeks information relevant to Northwest's antitrust claims against Sabre. Sabre has a pending motion to dismiss the antitrust claims for failure to state a claim.

13.    Galileo objects to this subpoena to the extent that it seeks information not within the possession, custody, and control of Galileo. In particular, the subpoena was served on Galileo International, Inc. which is the holding company of Galileo International LLC, the operating company.

**B.    Specific Objections To Documents Requested**

1.    **All agreements in effect as of August 24, 2004 between You and any domestic airline ("airline") that govern the terms of that airline's participation in your GDS, including any amendments to such agreements, side letters or other documents that memorialize or refer or relate to agreements on pricing or other terms governing that airline's participation in Your GDS, including, without limitation, all agreements or understandings relating to access by Your GDS to web fares of any airline (collectively "participation agreements").**

Daniel L. Low
March 30, 2005
Page 3

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo further objects that disclosure of the agreements between Galileo and any domestic airlines would violate non-disclosure agreements provided for in the relevant contracts between Galileo and such airlines. Galileo further objects to this request to the extent that it is overly broad and unduly burdensome and that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

2.    **All documents that refer or relate to the negotiation of such participation agreements between You and any airline.**

Galileo objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, protection or doctrine. Galileo also objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo further objects that disclosure of the agreements between Galileo and any domestic airlines would violate non-disclosure agreements provided for in the contracts between Galileo and such airlines. Galileo further objects to this request on the ground that it is overly broad and unduly burdensome.

3.    **All documents that refer or relate to any provisions of Your participation agreements that purport to affect, or could be interpreted as affecting, any airline's ability to pass on to travel agents all or part of booking fees charged by You to the airline or of any airline's ability to match or otherwise respond to any other airline's implementation of such an initiative.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm

Daniel L. Low
March 30, 2005
Page 4

Galileo.  Galileo further objects that disclosure of the relevant contracts between Galileo and any

airlines would violate non-disclosure agreements provided for in the agreements between Galileo

and such airlines.  Galileo further objects to this request to the extent that it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

applicable law, privilege, protection or doctrine.  Galileo further objects to this request on the

ground that it is overly broad and unduly burdensome and that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

admissible evidence.

4.     **All documents that refer or relate to Northwest's "Shared GDS Fee" initiative,
including, but not limited to, documents that refer or relate to actions You
considered undertaking, or undertook, in response to such initiative, as well as
documents that refer or relate to actual or potential actions of any other person in
response to that initiative.**

Galileo objects to this request to the extent that it seeks documents protected from

disclosure by the attorney-client privilege, work product doctrine, or any other applicable law,

privilege, protection or doctrine.  Galileo also objects to this request on the ground that it seeks

confidential and proprietary information, the disclosure of which to the litigants would materially

and irreparably harm Galileo by causing Galileo to reveal its decision making processes.  Galileo

further objects to this request on the ground that it is overly broad and unduly burdensome.

5.     **All documents constituting or referring or relating to communications between You
and any other person concerning Northwest's Shared GDS Fee initiative.**

Galileo objects to this request to the extent that it seeks documents protected from

disclosure by the attorney-client privilege, work product doctrine, or any other applicable law,

privilege, protection or doctrine.  Galileo also objects to this request on the ground that it seeks

confidential and proprietary information, the disclosure of which to the litigants would materially

Daniel L. Low
March 30, 2005
Page 5

and irreparably harm Galileo. Galileo further objects to this request as overly broad and unduly

burdensome and that it seeks information that is neither relevant to issues raised by the pleadings

nor reasonably calculated to lead to the discovery of admissible evidence.

6.   **Documents sufficient to show: (a) each variation in the form or content of subscriber agreements You have with travel agents; (b) each variation in the payments provided for in such agreements to travel agents in the form of bonuses, productivity payments, or other types of consideration ("travel agent payments"); (c) total travel agent payments for the year 2003 and from January 2004 to date; (d) average travel agent payments per travel agent locations; and (e) the total number of subscriber agreements You have with travel agents, broken down by the duration (in years) of such agreements.**

Galileo objects to this request on the ground that it is overly broad and unduly

burdensome vague with respect to the use of the terms "travel agent payments" and "average

travel agent payments per travel agent locations (sic)." Galileo also objects to this request on the

ground that it seeks confidential and proprietary information, the disclosure of which to the

litigants would materially and irreparably harm Galileo. Galileo further objects to this request on

the ground it improperly requests information which is not proper under Fed. R. Civ. P. 45,

namely "the total number of subscriber agreements you have with travel agents, broken down by

the duration (in years) of such agreements." Galileo further objects that disclosure of the

information sought by this request would violate non-disclosure agreements provided for in the

agreements between Galileo and such parties to those agreements. Galileo further objects to this

request on the ground that it imposes an undue burden and expense upon Galileo due to the

existence of thousands of relevant contracts between Galileo and travel agents.

7.   **All documents that refer or relate to travel agent payments (apart from the subscriber agreements themselves), including, without limitation, all documents that discuss or analyze the reasons for such payments and their utility in achieving the purposes of such payments.**

Daniel L. Low
March 30, 2005
Page 6

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo. Galileo also objects to this request on the ground that it seeks documents protected from

disclosure by the attorney-client privilege, work product doctrine, or any other applicable law,

privilege, protection or doctrine. Galileo further objects to this request on the ground that it

seeks confidential and proprietary information, the disclosure of which to the litigants would

materially and irreparably harm Galileo. Galileo objects to this request on the ground that it

seeks information that is neither relevant to issues raised by the pleadings nor reasonably

calculated to lead to the discovery of admissible evidence. Galileo further objects to this request

on the ground that it imposes an undue burden and expense upon Galileo due to the existence of

thousands of relevant contracts between Galileo and travel agents.

8.    **All documents that refer or relate to subscriber agreement provisions (apart from the subscriber agreements themselves) that relate to any liabilities or penalties that would be imposed on travel agents for an early termination of their subscriber agreements with You, including without limitation, all documents that discuss or analyze the effectiveness of such liabilities or penalties in deterring early contract terminations.**

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo. Galileo further objects that disclosure of the relevant contracts between Galileo and

travel agents would violate non-disclosure agreements provided for in the relevant contracts

between Galileo and such travel agents. Galileo further objects to this request to the extent that it

seeks documents protected from disclosure by the attorney-client privilege, work product

doctrine, or any other applicable law, privilege, protection or doctrine. Galileo further objects to

Daniel L. Low
March 30, 2005
Page 7

this request on the ground that it is overly broad and unduly burdensome and that it seeks

information that is neither relevant to issues raised by the pleadings nor reasonably calculated to

lead to the discovery of admissible evidence.

9.    **Documents sufficient to show, since January 2002, the total number of travel agency subscriber agreements with You that have been terminated by the travel agency before the end of the contract term and the identity of each such travel agent that engaged in such early termination.**

Galileo objects to this request because the disclosure of the information sought by this

request would violate non-disclosure agreements provided for in the agreements between Galileo

and such parties to those agreements.  Galileo also objects to this request on the ground that it

seeks confidential and proprietary information, the disclosure of which to the litigants would

materially and irreparably harm Galileo.  Galileo further objects to this request on the ground

that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably

calculated to lead to the discovery of admissible evidence.  Galileo further objects to this request

on the ground that it is overly broad and unduly burdensome.

10.   **All documents that refer or relate to WorldAgent Direct Web, other similar electronic services offered by other airlines that allow travel agents to book tickets directly with airlines, or other services that are, or may be offered, by other persons that would permit travel agents to bypass GDSs to obtain flight and fare information and to book airline travel.**

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo.  Galileo also objects to this request on the ground that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

Daniel L. Low
March 30, 2005
Page 8

admissible evidence. Galileo further objects to this request on the ground that it is overly broad
and unduly burdensome.

11.   **All documents that refer or relate to Your pricing (booking fee) strategies or
      practices.**

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo. Galileo also objects to this request on the ground that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

admissible evidence. Galileo further objects to this request on the ground that it is overly broad,

unduly burdensome, and vague with respect to the phrases "strategies or practices." Galileo

further objects to this request to the extent that it seeks information Galileo is not permitted to

disclose pursuant to confidentiality obligations or agreements with third parties

12.   **All documents that refer or relate to the costs incurred in providing GDS services
      relative to the revenues received from providing such services.**

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo. Galileo also objects to this request on the ground that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

admissible evidence. Galileo further objects to this request on the ground that it is overly broad

and unduly burdensome.

13.   **All documents that refer or relate to competition in the provision of airline flight
      and fare information and booking capability to travel agents, including, but not
      limited to, documents that refer or relate to the market(s) in which such services are
      provided or to actual or potential competitors in such market(s).**

Daniel L. Low
March 30, 2005
Page 9

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo also objects to this request on the ground that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence. Galileo further objects to this request on the ground that it is overly broad and unduly burdensome.

14. **All documents that refer or relate to the effects of the position of flights on GDS screens or of screen bias on airline bookings.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo also objects to this request on the ground that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence. Galileo further objects to this request on the ground that it is overly broad, unduly burdensome, and vague as to the phrases "position of flights on GDS screens" or "of screen bias on airline bookings."

15. **All documents that discuss or refer to the actual or potential effects of DOT's Final Rule in the CRS Rulemaking (published at 69 Fed. Reg. 976. (Jan. 7, 2004)) on Your business plans, including, but not limited to any, plans or consideration given to selling or offering display bias to airlines.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo also objects to this request on the ground that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence. Galileo further objects to this request to the extent that it seeks documents

Daniel L. Low
March 30, 2005
Page 10

protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, protection or doctrine. Galileo further objects to this request on the ground that it is overly broad, unduly burdensome, and vague as to the phrase "display bias."

16. **All documents dated after January 1, 2000, that discus the possibility that an airline might initiate an effort to pass GDS fees (in whole or in part) on to travel agents or on to passengers or any other means of reducing the fees paid by airlines to GDSs.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo also objects to this request on the ground that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence. Galileo further objects to this request on the ground that it is overly broad and unduly burdensome.

17. **All documents discussing the extent to which airlines rely on travel agents for the sale and distribution of tickets.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm Galileo. Galileo also objects to this request on the ground that it seeks information that is neither relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence. Galileo further objects to this request on the ground that it is overly broad and unduly burdensome.

18. **All documents discussing the extent to which travel agents rely on GDSs, or particular GDSs, for access to flight and fare information and booking capability.**

Galileo objects to this request on the ground that it seeks confidential and proprietary information, the disclosure of which to the litigants would materially and irreparably harm

Daniel L. Low
March 30, 2005
Page 11

Galileo.  Galileo also objects to this request on the ground that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

admissible evidence.  Galileo further objects to this request on the ground that it is overly broad

and unduly burdensome.

**19.**    **All documents discussing the extent to which airlines or particular airlines sell passenger travel through distribution channels other than travel agents.**

Galileo objects to this request on the ground that it seeks confidential and proprietary

information, the disclosure of which to the litigants would materially and irreparably harm

Galileo.  Galileo also objects to this request on the ground that it seeks information that is neither

relevant to issues raised by the pleadings nor reasonably calculated to lead to the discovery of

admissible evidence.  Galileo further objects to this request on the ground that it is overly broad

and unduly burdensome.

Please feel free contact me should you wish to discuss these objections or other matters
relevant to the subpoena.

Sincerely,

*David F. Wentzel* by MSA

David F. Wentzel

cc:    Thomas DeMay

CHI99 4443507-2.069834.0012